UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>D. SPURGEON, et al.,<br><br>    Defendants. | Case No. 23-cv-00327-JSW<br><br>**ORDER VACATING CLERK'S NOTICE; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; TO SHOW CAUSE OR PAY FILING FEE** |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint against officials at San Quentin State Prison. The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner must be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but the prisoner bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Plaintiff has had three or more cases or appeals that qualify as dismissals under Section 1915(g), i.e. "strikes." *See Johnson v. Davis*, Case No. 21-15093 (9th Cir., Sept. 17, 2021); *Johnson v. Agpoon,* Case No. 21-15606 (9th Cir., Sept. 16, 2021) (appeal dismissed as frivolous); *Johnson v. Agpoon*, Case No. 20-cv-06676-LHK (N.D. Cal., Mar. 9, 2021) (dismissed for failure to state a claim upon which relief may be granted); *Johnson v. Davis*, Case No. 20-cv-02851-LHK (N.D. Cal., Jan. 4, 2021) (dismissed for failure to state a claim upon which relief may be granted);

*Johnson v. California Prison Industry Authority*, Case No. CIV S-11-0164 CKD P (E.D. Cal., Dec. 21, 2011) (dismissed for failure to file amended complaint after dismissal for failure to state a upon which relief may be granted); *Johnson v. Sisto*, Case No. 08-cv-01962-RRC (E.D. Cal., July 26, 2010) (dismissed for failure to state a claim upon which relief may be granted).

As Plaintiff has at least three strikes, he may not proceed in forma pauperis unless he was in any imminent danger of serious physical injury when he filed this case. The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time the prisoner filed his case. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The complaint sets forth no imminent danger. Plaintiff complains about the conditions of his COVID-19 quarantine between September and October 2022. Those conditions did not pose an imminent danger when he filed the complaint herein, in January 2023. He complains that when he was released from quarantine he was not allowed to take the COVID-19 test because it would still show that he was positive. The lack of a test under those circumstances, when the virus would still indicate a positive result, also did not cause him imminent danger of serious harm. There is no basis for excusing Section 1915(g) based upon the imminent danger exception.

Leave to proceed in forma pauperis is DENIED. The Clerk's deficiency notice (ECF No. 2) is VACATED.

Within **28 days** of the date this order is filed, plaintiff must either: (1) pay the full $350.00 filing fee, or (2) SHOW CAUSE why Section 1915(g) does not apply. **Failure to do so will result in the dismissal of this case without prejudice to Plaintiff bringing his claims in a new civil rights case in which he pays the filing fee.**

**IT IS SO ORDERED.**

Dated: January 30, 2023

JEFFREY S. WHITE
United States District Judge