UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL DAVID JOHNSON,

    Plaintiff,

v.

D. SPURGEON, et al.,

    Defendants.

Case No. 23-cv-00327-JSW

**ORDER OF DISMISSAL**

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action and requested leave to proceed in forma pauperis ("IFP"). His motion for leave to proceed IFP was denied under 42 U.S.C. § 1915(g), and he was directed to pay the filing fee or show cause why Section 1915(g) does not apply to him. The deadline has passed, and Plaintiff has not paid the filing fee. He has instead filed an "opposition" to the denial of IFP, which the Court construes as his effort to show cause why Section 1915(g) does not apply.

    Plaintiff argues that the "imminent danger" exception to Section 1915(g) applies because he contracted COVID-19 at Salinas Valley State Prison ("SVSP"), where he is currently housed, in May 2020 and September 2022. The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time the prisoner filed his case. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff filed the instant action in January 2023, four months and over two and half years, respectively, after the two occasions on which he contracted COVID-19. Consequently, his contraction of COVID-19 on those occasions did not mean he was under "imminent danger" at the time he filed his complaint substantially later in time. Moreover, the availability of an effective COVID-19 vaccine precludes a claim of that the virus poses imminent danger, and there is no allegation that the vaccine was not available to him. *See Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021). To the extent the complaint alleges

inadequate conditions of his quarantine several months prior to his filing this complaint, and the Defendants' denial of a COVID-19 test upon his release from quarantine, when even a positive result would not be an indicator that he was contagious of at continued risk of harm.

In sum, Plaintiff alleges no circumstances in his complaint or his "opposition" establishing that he was facing imminent danger of serious harm in January 2023, when he filed the complaint. Consequently, Plaintiff has not shown cause why he is not precluded from proceeding IFP under Section 1915(g).

As Plaintiff has not paid the filing fee or shown cause why he is not subject to Section 1915(g), this case is DISMISSED without prejudice to Plaintiff filing his claims in a future case in which he pays the filing fee.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 1, 2023

_____
JEFFREY S. WHITE
United States District Judge